## In re BRIDGESTONE/FIRESTONE, INC., ATX, ATX II, and Wilderness Tires Products Liability Litigation.

### No. IP00–9373–CBS.
### No. MDL 1373.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 30, 2001.

Don Barrett, Barrett Law Office, PA, Lexington, MS, Victor Manuel Diaz, Jr., Podhurst Orseck Josefberg Eaton, Miami, FL, Mike Eidson, Colson Hicks Eidson, Coral Gables, FL, Irwin B. Levin, Cohen & Malad, Indianapolis, IN, William E. Winingham, Wilson Kehoe & Winingham, Indianapolis, IN, for plaintiffs.

John H. Beisner, O'Melveny & Myers LLP, Washington, DC, Daniel P. Bryon, McHale Cook & Welch, PC, Indianapolis, IN, Glen R. Goldsmith, Glen R. Goldsmith & Associates, PA, Miami, FL, Mark Herrmann, Jones Day Reavis & Pogue, Cleveland, OH, Thomas S. Kilbane, Squire Sanders & Dempsey, LLP, Cleveland, OH, Louis A. Lehr, Jr., Arnstein & Lehr, Chicago, IL, Mark Merkle, Krieg Devault Alexander & Capehart, Indianapolis, IN, Randall Riggs, Locke Reynolds, LLP, Indianapolis, IN, Michael P. Rudd, Hightower and Rudd, PA, Miami, FL, Colin P. Smith, Holland & Knight LLP, Chicago, IL, Thomas G. Stayton, Baker & Daniels, Indianapolis, IN, for defendants.

## CASE MANAGEMENT ORDER

BARKER, District Judge.

The following Case Management Order shall govern all proceedings in this matter:

### I. *PRETRIAL CONSOLIDATION AND COORDINATION*

#### A. Consolidated Cases

1. By order of the Judicial Panel on Multidistrict Litigation ("MDL Panel"), numerous proposed class actions have been transferred to this forum for coordinated pretrial proceedings. These cases and any proposed class actions that are subsequently transferred to or filed in this proceeding are referenced below as the "Class Action Cases."

2. By order of the MDL Panel, numerous individual personal injury/wrongful death cases have been transferred to this forum for coordinated pretrial proceedings. These cases and any cases brought on behalf of individual claimants asserting claims of personal injury and/or wrongful death on behalf of individual named Plaintiffs that are subsequently transferred to or filed in this proceeding are referenced below as the "Personal Injury Cases."

3. This Order is without prejudice to the right of any party to argue for or against consolidation for purposes of trial, and shall not make any entity a party to any action in which the entity has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

#### B. Applicability of Order

The terms of this Order shall apply automatically to the actions listed above and to all other cases that become a part of this proceeding by virtue of being instituted in, removed to, or transferred to this Court (including, without limitation, cases transferred pursuant to Local Rules, 28 U.S.C. § 1404(a), or 28 U.S.C. § 1407). Should parties in any subsequently filed or transferred action wish to object to the terms of this Order, they must do so within twenty (20) days of the receipt of this Order from Liaison Counsel.

#### C. Dissemination of Order

Within five (5) days of the date of this Order, Liaison Counsel (as previously designated by the Court) shall send (by facsimile or overnight delivery) a copy of this Order to their respective counsel. Upon notification that an action has become part of this proceeding by filing or by transfer, Liaison Counsel in the applicable category of cases shall promptly send (by facsimile or overnight delivery) a copy of this Order to counsel in the new action.

### II. *CASE IDENTIFICATION*

#### A. Master Docket and Record

For the convenience of the parties and the Court, the Clerk of this Court will maintain a master docket with a single docket number and master record under the style: "*In re Bridgestone/Firestone, Inc. ATX, ATX II, and Wilderness Tires Products Liability Litigation,*" Master Case No. MDL 1373. When an order, pleading or other document is filed and docketed in the master docket, it shall be deemed filed and docketed in each individual case to the extent applicable and will not ordinarily be separately docketed or physically filed in any individual cases. However, the caption shall also contain a notation indicating whether the document relates to all cases or only to specified cases, as described below.

#### B. Captions

All orders, pleadings, motions, and other documents filed in this proceeding shall bear the caption contained on this Order.

#### C. Master Filing

If a document that is filed in this proceeding is generally applicable to all consolidated actions, the caption shall include the notation that it relates to "ALL ACTIONS," and the Clerk will file and docket the document only in the master docket. Likewise, if a document that is filed in this proceeding is generally applicable to a category of cases the caption shall so indicate,

and the Clerk will file and docket the document only in the master docket.

### D. Separate Filing

If a document is intended to apply only to a particular case or cases, the caption shall also indicate the Southern District of Indiana docket number of the case(s) to which it applies, and one additional copy shall be provided to the Clerk to facilitate filing and docketing both in the master and particular case(s) files and particular case dockets.

### E. Filing of Original and One (1) Copy; Submission of Disks

Without exception, counsel shall submit for filing the original and one (1) copy of each document, including proposed orders. No additional "chambers copies" or "courtesy copies" shall be submitted except upon Court request with respect to a particular document. Each document shall also be submitted to the Court on computer disk in PDF format. In addition, any proposed order also shall be submitted to the Court on a separate disk in WordPerfect format.

### F. Form of Submissions

All submissions to the Court shall be in the form of motions, captioned, formatted, filed and served as set forth in this Order. No "letter briefs" or other non-conforming communications will be accepted. Notices of motions shall not be filed. The page limit for any brief is fifty (50) pages. The parties must obtain leave of Court to exceed this limit.

### G. Local Rules

Unless otherwise specified, the Local Rules shall apply. For convenience the Local Rules are posted on the Court's website, *http://www.insd.uscourts.*

## III. ORGANIZATION OF COUNSEL

### A. Plaintiffs' Management Structure

The management structure for Plaintiffs' counsel in this proceeding was previously established by this Court's "Order on Plaintiffs' Management Structure and Various Case Management Matters" (dated Dec. 8.2000), as supplemented by the "Order On Explorer Diminution · In Value Plaintiffs' Motion For Clarification And/Or Reconsideration" (dated Dec. 18, 2000) and the "Order on Motion to Appoint Stanley Chesley as an Additional CoChair of the Settlement/ADR Committee on behalf of the Class Action Plaintiffs." Those orders, and any subsequent relevant orders of the Court, are incorporated herein by reference.

### B. Defendants' Lead and Liaison Counsel

Hugh R. Whiting of Jones, Day, Reavis & Pogue, Cleveland, Ohio, and Stephen J. Brogan of Jones, Day, Reavis & Pogue, Washington, D.C., shall serve as Co Lead Counsel for defendant Bridgestone/Firestone, Inc. ("Firestone"). Thomas S. Kilbane and Joseph C. Weinstein of Squire, Sanders & Dempsey LLP, Cleveland, Ohio, shall serve as Co Lead Counsel for Bridgestone Corporation ("Bridgestone"). John H. Beisner of O'Melveny & Myers LLP, Washington, D.C., shall serve as Lead Counsel for defendant Ford Motor Company ("Ford"). These lawyers may be assisted by other counsel as their respective clients may so determine. Counsel for any other Defendants in this proceeding may note their appearances with the Court. The Court expects that the Defendants' Lead Counsel will work closely with each other and with other Defendants' counsel (if any) to develop coordinated positions to the extent possible.

Defendants shall appoint from among their counsel, one Liaison Counsel to act on behalf of all Defendants. This Liaison Counsel is specifically charged with the responsibility for receipt of service of all pleadings, notices, orders, motions, briefs, etc. for all Defendants and for distribution to the Defendants. At the time of appointment of Liaison Counsel, all other counsel for Defendants shall be removed from the Attorney Service List. Such counsel may

continue to appear on behalf of their clients, but they will obtain service and notice through Liaison Counsel.

### C. Intervenor's Counsel

Pursuant to the "Order Granting Motion to Intervene and Denying Motion to Unseal Documents" (dated Jan. 26, 2001), Daniel P. Byron of McHale Cook & Welch, Liaison Counsel for Intervenors, shall receive service of documents served on any party.

### D. Admissions to Practice

Each attorney acting as counsel for any party herein who is a member in good standing of the bar of the Supreme Court of any state or of any United States District Court shall be deemed admitted pro hac vice before the Court, without further action, in connection with these proceedings.

## IV. *SERVICE OF DOCUMENTS*

### A. Orders

The Clerk shall deliver a copy of each order to Plaintiffs' Liaison Counsel, Defendants' Liaison Counsel and Liaison Counsel for Intervenors for distribution as appropriate to other counsel and parties on their respective sides of this proceeding.

### B. Pleadings, Motions, and Other Documents

1. Defendants shall serve one copy of any pleading, motion, or other document relating to all consolidated cases by overnight delivery, by facsimile, or by hand, as appropriately expeditious, on the Plaintiffs' Liaison Counsel and on Liaison Counsel for Intervenors. If any pleading, motion, or other document filed by a Defendant pertains only to a particular case or cases, the item should be served by overnight delivery, by facsimile, or by hand, as appropriately expeditious, on the Plaintiffs' counsel who have entered an appearance in the particular case or cases, on Plaintiffs' Liaison Counsel, and on Liaison Counsel for Intervenors.

2. Any Plaintiff filing a pleading, motion, or other document relating to all consolidated cases shall serve one copy of the filing by overnight delivery, by facsimile, or by hand, as appropriately expeditious, on Liaison Counsel for Defendants and on Liaison Counsel for Intervenors. If any pleading, motion or other document filed by a Plaintiff pertains only to a particular case or cases, the item should be served by overnight delivery, by facsimile, or by hand, as appropriately expeditious, on the Defendants' counsel who have entered an appearance in the particular case or cases, on Defendants' Liaison Counsel, and on Liaison Counsel for Intervenors.

3. Pursuant to Fed.R.Civ.P. 5, service on Plaintiffs' Liaison Counsel of any pleading, motion or other document relating to all consolidated cases shall constitute service on all Plaintiffs. Service on Defendants' Liaison Counsel of any pleading, motion or other document relating to all consolidated cases shall constitute service on all Defendants. Service on Liaison Counsel for Intervenors of any pleading, motion or other document relating to all consolidated cases shall constitute service on all intervenors.

### C. Discovery Requests and Responses

Pursuant to Fed.R.Civ.P. 5(d), discovery requests and responses will not be filed with the Court, except when specifically ordered by the Court or to the extent they are necessary in connection with a motion.

## V. *PLEADING ISSUES*

### A. Master Complaints—Class Actions

Plaintiffs' Master Complaint, which was filed in accordance with this Court's "Order on Plaintiffs' Management Structure and Various Case Management Matters" (dated Dec. 8, 2000), shall apply to all pending Class Action Cases and to those subsequently filed, removed, or transferred to this Court as part of this pro-

ceeding. The Master Complaint shall be deemed to amend the complaints in the Class Action Cases to reflect the content of the Master Complaint, including all claims and theories contained therein.

### B. Fed.R.Civ.P. 12 Motions—Class Actions

Should any or all Defendants decide to file motions to dismiss under Fed.R.Civ.P. 12(b) concerning any or all portions of the consolidated Master Complaint, any such motions shall be filed at the time previously agreed upon by the parties. Plaintiffs' responses to any Rule 12(b) motions shall be filed and served no later than forty-five (45) days thereafter, and the Defendants shall reply within twenty (20) days of the Plaintiffs' response.

### C. Master Answer—Class Actions

Within thirty (30) days after the Court issues the last of its orders resolving all Rule 12(b) motions addressed to the Master Complaint, each Defendant shall file a Master Answer to the Master Complaint (to the extent not dismissed). The Master Answer(s) shall constitute an answer in each Class Action Case now pending or subsequently added to this proceeding. Defendants otherwise need not file answers in any Class Action Case (to the extent that they have not already done so).

### D. Motions and Responsive Pleadings—Personal Injury Cases

To the extent that they have not done so before entry of this Order, Defendants shall move, answer, or otherwise plead in response to any complaints in the Personal Injury Cases within thirty (30) days after the entry of this Order.

## VI. *CLASS CERTIFICATION MATTERS*

### A. General Class Certification Discovery

In conducting discovery during the initial phases of this litigation, counsel in the Class Action Cases should expedite discovery needed to create an evidentiary record upon which Plaintiffs' class certification motion(s) can be briefed and decided consistent with the briefing schedule set forth below.

### B. Plaintiffs' Class Certification Motion(s)

On or before February 2, 2001, Plaintiffs' Lead Counsel in the Class Action Cases shall file on behalf of all named Plaintiffs and counsel in the Class Action Cases their motion(s) to certify proposed classes under Fed.R.Civ.P. 23 and, as to each such motion, a memorandum setting forth their arguments in support of said motion and the evidentiary basis therefor. The memorandum shall include, inter alia, (a) an identification of which named Plaintiff will serve as class representative for each proposed class and (b) a description of how the named Plaintiffs propose to provide notice to the putative members of any proposed class(es) in accordance with Fed.R.Civ.P. 23(c) (including a detailed statement explaining how notice to the members of any proposed classes would be given and financed in accordance with Fed. R.Civ.P. 23). At the same time, Plaintiffs' Lead Counsel shall identify all experts and witnesses upon whom Plaintiffs rely in support of any motion (including the information contemplated by Fed.R.Civ.P. 26(a)(2)(B) as to experts) and file any expert reports or affidavits upon which they rely in support of their class certification motion. Plaintiffs shall be precluded from relying on any experts in support of class certification that are not identified at that time without prior leave of Court for good cause shown. Upon the filing of any class certification motion, priority shall be given to the taking of the depositions of any experts and witnesses upon whom Plaintiffs intend to rely in support of their motion. Once any class certification motion is filed, no amendments may be made to the Master Complaint (including the addition of any party as a Plaintiff, Defendant, or third-party Defendant) until after the Court rules on any motions for class

certification filed pursuant to this Paragraph.

### C. Defendants' Class Certification Opposition

Each Defendant shall file its brief setting forth its arguments in opposition to Plaintiffs' class certification motion(s), and the evidentiary basis thereof within sixty (60) days of the date Plaintiffs file their motion(s) for class certification. At the same time, Defendants shall identify all experts and witnesses upon whom they will rely in opposing Plaintiffs' class certification motion (including the information contemplated in Fed.R.Civ.P. 26(a)(2)(B) as to experts), and file any expert reports or affidavits upon which they rely in opposing Plaintiffs' class certification motion. Defendants shall be precluded from relying on any experts in opposition to class certification that are not identified at this time without prior leave of Court for good cause shown. To the extent possible, Defendants shall file joint briefs and otherwise coordinate to avoid filing repetitious briefing with the Court. Following the filing of Defendants' briefs, priority should be given to taking the depositions of any experts or witnesses upon whom Defendants rely in support of their opposition to class certification.

### D. Plaintiffs' Reply Memorandum

Plaintiffs may file a reply memorandum in support of their class certification motion(s) within twenty (20) days after the filing of Defendants' opposition brief. The reply memorandum shall be confined to responding to arguments made in any opposition briefs.

### E. Class Certification Argument

After the filing of all briefs concerning Plaintiffs' class certification motion(s), the Court may schedule an oral argument on such motions.

### F. Local Rules

To the extent that the foregoing provisions on class certification motion scheduling conflict with Local Rule 23.1, these provisions prevail.

### G. Other Motions

These class certification provisions shall not foreclose other motions on classrelated issues that are properly made under the Federal Rules of Civil Procedure.

## VII. *GENERAL DISCOVERY RULES*

### A. Applicability of Rules

Except as otherwise provided in this Order, the Federal Rules of Civil Procedure and the Local Rules of this Court shall apply in this proceeding. However, in light of the discovery provisions of this Order and the Court's intention to expedite the conduct and completion of common discovery through, inter alia, the Special Master and regular status conferences, the Court specifically notes that the provisions of this Order obviate (a) the obligation of any party to this proceeding to comply with any applicable initial disclosure requirements of Fed.R.Civ.P. 26(a)(1), (b) any applicable specifications on timing and sequencing of discovery set forth in Fed.R.Civ.P. 26(d), and (c) any applicable obligation of any party to this proceeding to comply with the conference and planning requirements in Fed.R.Civ.P. 26(f). Accordingly, the parties are ordered to meet and confer and to submit within fifteen (15) days a stipulated schedule for sequencing all discovery as part of a supplemental case management order as required by Section XII below.

### B. Discovery Dispute Resolution

To avoid unnecessary litigation concerning discovery disputes, counsel are directed to meet and confer before filing any motion on discovery issues. In any motion filed, counsel for the moving party must comply with Rule 37.1 of the Local Rules of this Court.

## C. Evidence Preservation and Retention Order

An order that requires the preservation of physical evidence, documents (including those in electronic form), computer generated simulations, and other materials, in the form in which they were originally created, shall be prepared jointly by Plaintiffs' Lead Counsel and Defendants' Lead Counsel and filed within ten (10) days of this Order. If counsel are unable to agree, they shall file separate motions and proposed orders within thirteen (13) days after the issuance of this Order. In the interim, the Court's "Order on Organizational Structure and Discovery" (dated Nov. 22, 2000), as modified by an agreement of the parties, shall remain in full force and effect. Documents and other materials which are produced for the Depository on CD ROM, Internet, or other electronic means shall be retained in their original form.

## D. Document Confidentiality Order

An order regarding the confidentiality of documents shall be prepared jointly by the Plaintiffs' Lead Counsel and Defendants' Lead Counsel and filed within ten (10) days after the entry of this Order. If counsel are unable to agree, they shall file separate motions and proposed orders within thirteen (13) days after the issuance of this Order. Any filings on this issue, as with all other filings, are to be served on Liaison Counsel for Intervenors.

## E. Document Depository

1. Each Defendant shall establish and maintain at its expense a document depository program (the "Depository") in a manner to be agreed upon by the parties and ordered by the Court. The Depository shall store all materials produced by parties and third-parties in this proceeding that may be needed in more than a single Class Action Case or Personal Injury Case, including documents, interrogatories, requests for admission, requests for production of documents, deposition transcripts, and similar materials from this proceeding. These materials will be made available to any litigants in any Class Action Case or Personal Injury Case.

2. A party fully satisfies its obligation to produce documents to the parties to the Class Action Cases and the Personal Injury Cases by placing those documents in the Depository and serving notice of this fact on counsel in all affected cases. Such Notice shall identify the documents produced by Bates-stamped number and shall either be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the request as set forth in Fed.R.Civ.P. 34(b). This provision may be revised based upon the parties' submissions pursuant to paragraph 3 below.

3. Within ten (10) days of this Order, Plaintiffs' Lead Counsel (and/or their designated representatives) shall meet with Defendants' Lead Counsel (and/or their designated representatives) to confer about the design and operation of the Depository and shall endeavor to present to the Court a stipulation outlining a protocol for the Depository, as well as the organization, categorization, and/or indexing of the Defendants' responses to Plaintiffs' document requests. In developing this protocol, the parties shall consider potential protocols that would efficiently use technologies (such as CD ROM or Internet-based production) and that would facilitate the parties' prompt and effective access to the contents of the Depository and reduce the parties' need to travel to examine documents. Any technology used must enable a hard copy of the documents to be produced by the recipient. On or before February 12, 2001, the parties shall present to the Court a proposed stipulation regarding the Depository protocol and, if necessary, briefing concerning any matters on which they disagree. Ford shall give Plaintiffs' Lead Counsel (and/or their designated representatives) access to its on-line Depository, subject to the parties' protective agreement, so that Plaintiffs may make informed decisions regarding any stipula-

tions or objections to the depository proposed by Ford.

4. The requesting party shall be responsible for delivering to the Depository any documents produced to it in this proceeding pursuant to Fed.R.Civ.P. 45. The party noticing a deposition shall be responsible for delivering to the Depository any transcription (including video tape) of any deposition taken in any of these consolidated cases. The party serving any objection, answer or response to an interrogatory, Rule 34 request, or request for admission in any of these consolidated cases shall be responsible for delivering a copy to the Depository.

5. Plaintiffs' Liaison Counsel (or their designated representatives) shall be responsible for monitoring the content of the Depository and shall provide periodic notification to all Plaintiffs' counsel of the addition of materials to the Depository, providing a basic description of the newly added materials.

6. Parties to the litigation may establish at their own expense private document depositories at other locations and make arrangements for obtaining documents for inclusion in those private depositories as they see fit. However, the Depository to be established pursuant to Court Order will be the official document depository for purposes of all consolidated cases.

### F. Identification of Documents

#### 1. Numbering System

Each producing party shall give each page of any document it produces a unique number, using a consistent numbering system that identifies the producing party (using a letter or series of letters as a prefix). All reasonable efforts should be made to avoid having the same page assigned more than one identifying number except when there is a need to account for different copies of the same document or page (for example, because of special notations being placed on the document).

#### 2. Documents Produced by Non Parties

In the event that documents produced by persons or entities who are not parties to this action are not, when produced, identified by a unique numbering system, the party at whose request production was made shall be responsible for numbering the documents in accordance with the terms of Section VII.F.1 above.

## VIII. *RULES APPLICABLE TO WRITTEN DISCOVERY*

### A. Interrogatories and Requests for Admission

1. Upon entry of this Order, Plaintiffs' Lead Counsel may serve on each Defendant interrogatories and requests for admission, consistent with the Federal Rules of Civil Procedure. The party served shall answer and/or object to the interrogatories and requests for admission within thirty (30) days or such other time agreed to by the parties or ordered by the Court.

2. Upon entry of this Order, Defendants may jointly serve interrogatories and requests for admission consistent with the Federal Rules of Civil Procedure on each of the named Plaintiffs listed in the Master Complaint for the Class Action Cases. The named Plaintiffs served with such sets of interrogatories and requests for admission shall answer and/or object to the interrogatories and requests for admission within thirty (30) days or such other time agreed to by the parties or ordered by the Court.

3. Defendants may serve interrogatories and requests for admission consistent with the Federal Rules of Civil Procedure on Plaintiffs in any of the Personal Injury Cases. The Plaintiffs served shall answer and/or object to the interrogatories and requests for admissions within thirty (30) days or such other time agreed to by the parties or ordered by the Court.

## B. Document Production

1. Upon entry of this Order, Plaintiffs' Lead Counsel may serve on each Defendant an initial set of requests pursuant to Fed.R.Civ.P. 34. The party served shall answer and/or object to such requests within thirty (30) days or such other time agreed to by the parties or ordered by the Court.

2. Upon entry of this Order, Defendants may jointly serve on each of the named Plaintiffs listed in the Master Complaint an initial set of requests pursuant to Fed.R.Civ.P. 34. The named Plaintiffs served shall respond and/or object to such requests within thirty (30) days or such other time agreed to by the parties or ordered by the Court.

3. Upon entry of this Order, Defendants may jointly serve on Plaintiffs in any of the Personal Injury Cases an initial set of requests pursuant to Fed.R.Civ.P. 34. The Plaintiffs served shall respond and/or object to such requests within thirty (30) days or such other time agreed to by the parties or ordered by the Court.

4. Responses to requests for production of documents shall conform to the procedures approved pursuant to Section VII.E.

## C. Third Party Subpoenas

The parties in the Class Action Cases and the Personal Injury Cases may serve subpoenas on non-parties (including subpoenas for the production of documents without testimony) pursuant to Fed. R.Civ.P. 45. The party serving the subpoena shall be responsible for supplying to the Depository any documents produced by non-parties in response to the subpoena, subject to the provisions of Section VII.E.(1 & 4).

## D. Pending Requests

Except for discovery authorized by Prior Order of the Court, all pending discovery requests in any of the constituent actions to this proceeding shall be deemed withdrawn without prejudice to being re-served in accordance with the provisions of this Order.

## IX. *RULES APPLICABLE TO DEPOSITIONS*

### A. General

The scheduling and conduct of depositions, including resolution of any disputes arising during depositions, shall be in accordance with the procedures set forth in this Court's prior orders, the Federal Rules of Civil Procedure and Rule 30.1 of the Local Rules of this Court. Counsel are expected to cooperate with, and be courteous to, each other and deponents.

### B. Scheduling of Depositions

1. The Court expects that fact witness depositions in this matter will commence in due course. (Except as otherwise provided in this Order, all expert witness depositions will be deferred until further order of this Court.) The Court's objective is to avoid the repeated depositions of any person. Representatives of the Plaintiffs' Lead Counsel (and/or their designated representatives) and the Defendants' Lead Counsel (and/or their designated representatives) therefore shall attempt to establish by mutual agreement a schedule for depositions in this proceeding that reflects a sequencing that is consistent with (a) the availability of documents from among those produced by the parties and third parties; (b) the objective of avoiding the need to subject any person to repeated depositions; and (c) the need to preserve relevant testimony. Disputes concerning the timing and scheduling of depositions may be presented to the Court in accordance with the Court's prior orders.

2. The Court expects, to the extent practicable, that the use of formal notices of depositions or subpoenas with respect to party witnesses will be unnecessary in this case-that is, party witnesses will be produced in accordance with whatever schedule is developed.

3. Plaintiffs' Liaison Counsel will be responsible for keeping the counsel that they represent fully apprised of the scheduling of any depositions in this proceeding.

4. The Court expects that discovery will be staged in a manner appropriate to present specific issues to the Court.

5. Depositions of any named Plaintiffs in the Master Complaint for the Class Action Cases shall be taken within a reasonable time before Defendants' briefing on class certification is due to be submitted in accordance with the schedule established in Section VI of this Order.

6. Depositions of Plaintiffs and other case-specific fact witnesses in the Personal Injury Cases may be taken in this proceeding at any time consistent with the foregoing principles of cooperation and planning. Counsel for the parties are to meet and confer as to the sequencing and scheduling of case-specific fact discovery.

7. The parties shall endeavor to schedule all depositions at locations within a reasonable distance from the residence of the deponent.

### C. Attendance

Unless otherwise ordered under Fed. R.Civ.P. 26(c), depositions may be attended by counsel of record, members and employees of their law firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, and counsel for the deponent. While a deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Confidentiality Order shall be excluded. Unnecessary attendance by counsel is discouraged, and the Court may not compensate such attendance in any fee application to the Court.

### D. Conduct of Depositions

1. In any deposition, no more than three attorneys for the Plaintiffs may question the deponent, and no more than three attorneys for Defendants may question the deponent. The Plaintiffs' questioners for each deposition shall be designated by Lead Counsel. In the case of any deposition noticed by a Defendant, the questioner(s) shall be selected jointly by Defendants' counsel. Questioners shall divide their time by agreement, asking the Court to resolve any disputes in that regard (but only where absolutely necessary).

2. Reasonably in advance of the date scheduled for a deposition, any attorney designated as a questioner for that deposition shall coordinate with the other counsel whose interests they represent regarding the areas of examination and specific questions to be asked. The purpose of this coordination is to ensure that a thorough deposition is conducted. Counsel who will not be serving as questioners are encouraged to submit proposed questions or lines of questioning to the attorney designated to conduct the deposition on their behalf. Attorneys will be responsible for tracking the dates of depositions and suggesting their proposed lines of questioning on a timely basis. New or supplemental depositions of witnesses will not be scheduled without prior leave of Court.

3. In some depositions, there may be sufficient divergence of positions among various parties that additional examiners may be appropriate on *non-redundant* (*i.e.*, new subject) matters. In those instances, with leave of Court in advance of the deposition and upon good cause shown, additional attorneys will be permitted to question on nonredundant matters.

4. All objections are preserved except as to form of the question and responsiveness of the answer. Counsel shall otherwise comply with Fed.R.Civ.P. 30(d)(1) and Rule 30.1 of the Local Rules of this Court concerning the posing of objections during a deposition.

### E. Duration of Examinations

1. With respect to non-case specific depositions, the duration of depositions shall be limited as follows, excluding time taken

for breaks, meals, and other reasons: direct examination shall be limited to eight (8) hours; cross-examination shall be limited to four (4) hours; redirect examination shall be limited to two (2) hours, excluding time taken for breaks, meals, and other reasons. The total period for such depositions shall not extend over more than two (2) consecutive days (except by agreement of the parties or with leave of Court).

2. With respect to case-specific depositions of Plaintiffs and fact witnesses, the duration of depositions shall be limited to seven (7) total hours, excluding time taken for breaks, meals, and other reasons. The total period for such depositions shall not extend beyond one (1) day (except by agreement of the parties or with leave of Court).

3. Deviation from these time limitations will be permitted only with leave of Court. Any request to extend the time limit on a deposition must be accompanied by a certification that compelling reasons preclude completion of the deposition during the allotted time period and that the particular information being sought cannot be elicited from a witness that is (or could be) scheduled to appear at another time.

4. It is expected that counsel will confer prior to each deposition to determine how time will be allotted to each participating attorney, consistent with the provisions set forth above. This conference should occur a sufficient time prior to the deposition to permit the resolution of any disputes regarding time allocation by the Court, should that become necessary.

## F. Supplemental Depositions

Witnesses shall not be subjected to more than one deposition conducted within the limitations described above, nor to repetitive and redundant questioning. Supplemental depositions will be permitted only upon motion demonstrating (a) a compelling need for the information sought and (b) compelling reasons why the desired lines of questioning could not have been pursued in the original deposition and why the information cannot be obtained from any persons available for future depositions. If permitted, a supplemental deposition shall be treated as the resumption of the deposition originally noticed. Examination in any supplemental deposition shall not be repetitive of any prior interrogation.

## G. Stenographic Recording

A certified court reporter shall stenographically record all deposition proceedings and testimony. The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed.R.Civ.P. 30(e) (submission to the witness) and 30(f) (filing, exhibits).

## H. Videotaping

A party may record a deposition by videotape pursuant to Fed.R.Civ.P. 30(b)(2) and (3). The following rules shall apply to the taking of any such deposition:

### 1. Simultaneous Stenographic Recording

All videotaped depositions shall be simultaneously stenographically recorded.

### 2. Cost of the Deposition

The party requesting videotaping of the deposition shall bear the expense of the videotaping. However, all parties will bear their own expense of obtaining copies of the videotaped deposition.

### 3. Videotape Operator

The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed.R.Civ.P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

### 4. Interruptions

No attorney shall direct instructions to the video operator as to the method of operating the equipment. The video cam-

era operation will be suspended during the deposition only upon stipulation by counsel and during "off the record" discussions. The video operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

### 5. Standards

The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

### 6. Certification

After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the video tape recording in the same manner as a stenographic court reporter. No part of a videotaped deposition shall be released of made available to any member of the public unless authorized by the Court.

### 7. Use

Depositions may, under the conditions prescribed in Fed.R.Civ.P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation): (1) who was present or represented at the deposition; (2) who had reasonable notice thereof; or (3) who, within thirty (30) days after the taking of the deposition (or, if later, within sixty (60) days after becoming a party in this court in any action that is a part of this litigation), fails to show just cause why such deposition should not be usable against such party.

### I. Deposition Disputes

1. During depositions, disputes that arise that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require a rescheduling of the deposition, may be presented to the Magistrate Judge or the District Judge by telephone. The presentation of the issue and the Court's ruling will be recorded as part of the deposition.

2. The undersigned will exercise by telephone the authority granted under 28 U.S.C. § 1407(b) to act as district judge in the district in which the deposition is taken.

### X. RULES CONCERNING PRIVILEGE ISSUES

#### A. Attorney Client, Work Product and Other Privileges

A party who, relying on any privilege or the work product doctrine, does not produce all documents that would have been produced but for the claim of privilege or work product, must affirmatively disclose that it is invoking a privilege. A party who invokes a privilege must specify which privilege or doctrine it is invoking.

A party who invokes any privilege also must, within five (5) days of the date the documents were due to have been produced, unless otherwise negotiated by the parties, provide to the opposing party a privilege log containing the following information for each document not disclosed:

(1) the name and job title or capacity of the author(s)/originator(s);

(2) the names of all person(s) who received the document or a copy of it and their affiliation (if any) with the producing party;

(3) a general description of the document by type (*e.g.*, letter, memorandum, report);

(4) the date of the document; and

(5) a general description of the subject matter of the document.

### B. Exempted Documents

Documents that were created or generated subsequent to August 9, 2000, and which are privileged as communications or work product relating to the constituent actions to this proceeding, or other litigation asserting allegations similar to those asserted in those constituent actions, need not be identified under this section. This exemption does not apply to documents disclosed or produced to a third party not within the scope of the asserted privilege.

### C. Inadvertent Disclosure

In the event that a privileged document is inadvertently produced by any party to this proceeding, the party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any parties. Such inadvertent disclosure of a privileged document shall not be deemed a waiver with respect to that document or other documents involving similar subject matter.

### XI. *ATTORNEYS' TIME AND EXPENSE RECORDS*

Any Plaintiffs' counsel who may seek an award (or approval) of a fee (or expenses) by the Court in connection with this proceeding shall keep a daily record of his/her time spent and expenses incurred regarding this proceeding, including a specific record of the hours, location, and particular activity, and shall report same to the designated Chair(s) of the Budget/Record/Compensation Committee on a bimonthly basis, on a deadline to be set by the Chair. The failure to maintain and provide such records will be grounds for denying court-awarded attorneys' fees, as will insufficient description of the activity. Reports will summarize the time and expenses spent during the preceding period (and the ordinary billing rates of such attorneys in effect during such period) and the accumulated total of counsel's time, hourly rates, and expenses to date, utilizing a form to be specified by the Chair, subject to court approval.

### XII. *CASE MANAGEMENT ORDER*

The parties are ordered to file a supplemental case management plan within fifteen (15) days of this Order. The supplemental plan shall address a schedule for sequential discovery as previously ordered, and in addition shall address all other MDL pretrial matters, such as witness and exhibit lists, expert witness disclosures, reports, and depositions, damages, and motions for summary judgment. The schedule shall be a realistic plan under which all MDL matters can be resolved by July 1, 2002. The plan shall distinguish between core discovery, defined as discovery applicable to more than one incident, and for case-specific discovery.